UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CASE NO. 15-CV-756

| | |
|---|---|
| **UNITED STATES OF AMERICA for the use And benefit of EDWARD RITENOUR,**<br><br>**Plaintiff,**<br><br>v.<br><br>**HAMILTON PACIFIC CHAMBERLAIN, LLC and MERCHANTS BONDING COMPANY**<br><br>**Defendants.** | **COMPLAINT** |

Plaintiff, The United States of America for the use and benefit of Edward Ritenour, complaining of the Defendants, Hamilton Pacific Chamberlain, LLC and Merchants Bonding Company, alleges and says as follows:

1. Plaintiff Edward Ritenour (hereinafter "Ritenour"), is a citizen and resident of the State of North Carolina. Ritenour is engaged in the business of construction services.

2. Defendant Hamilton Pacific Chamberlain, LLC (hereinafter referred to as "HPC" or "Contractor"), is a corporation organized and existing under the laws of the state of Maryland with its principal office and place of business located at 101 Paul Mellon Court, Suite 3, Waldorf, Maryland 20602.

3. Defendant Merchants Bonding Company (hereinafter referred to as "Merchants") is an insurance company organized and existing under the laws of a State other than North Carolina, with its principal office address at 2100 Fleur Drive, Des Moines, Iowa 50321 and is engaged in the business of providing surety bonds for federal construction projects in the State of North Carolina.

4. This Court has jurisdiction of the action as it arises in part under 40 USC §§ 3131,

1

3133(b).

5. On or about October 24, 2013, Defendant HPC, together with Defendant Merchants, duly entered into a written contract with the United States of America, acting by and through HPC, for construction of the project known as "Rebuild Backflow Preventers and Shelters, Project 659-14-005", located at W.B. (Bill) Hefner VA Medical Center, 1601 Brenner Avenue, Salisbury, Rowan County, North Carolina, contract no. VA246-14-C-0016 (the "Project"). A copy of the contract for the Project is attached hereto as Exhibit "A".

6. On or about January 14, 2014, Defendant HPC, together with Defendant Merchants, duly executed and delivered to the United States of America a payment bond for the protection of all persons supplying labor and materials in the prosecution of the work provided for in the Project, contract no. VA246-14-C-0016. Such payment bond was executed in accordance with the provisions of 40 USC §270a. A copy of the Payment Bond (No. NCC 56708) is attached hereto as Exhibit "B" and is incorporated herein by reference.

7. Defendant HPC subsequently entered into a Subcontract with Ritenour pursuant to which Ritenour agreed to furnish to Defendant HPC certain labor, equipment and materials for incorporation into the Project. A copy of said Subcontract is attached hereto as Exhibit "C" and is incorporated herein by reference.

8. Ritenour, at the request of Defendant HPC, supplied all contractually required labor, materials, and equipment to the Project as provided for in its subcontract and in principal contract number VA246-14-C-0016, and all labor, materials and equipment were incorporated into the Project. Payment is due to Ritenour for said labor, materials and equipment, but an unpaid contract balance is due and owing to Ritenour of Ten Thousand Four Hundred Fifty Four Dollars and 50/00 ($10,454.50), and payment is due under the Miller Act Bond.

9. A period of more than 90 days has elapsed since the last date on which Ritenour supplied materials and/or labor to the Project; less than one year has passed since Ritenour last provided labor, materials and equipment to the Project; Ritenour has not been paid in full for such labor, equipment and material. Ritenour has provided notice of said nonpayment to both Defendant HPC and Defendant Merchants and has further met all conditions precedent to the filing of this action.

## FIRST CLAIM FOR RELIEF
### Miller Act Bond Claim

10. The allegations contained in paragraphs 1-9 are hereby realleged and incorporated herein by referenced.

11. Pursuant to 40 USC §§ 3131, 3133(b), this lawsuit is brought in the name of the United States of America against Defendant HPC and Defendant Merchants for all sums justly owed to Ritenour at the time of the filing of this lawsuit, or that may become due during the pendency of this action; this action is commenced within one year of the last furnishing of work by Ritenour; more than ninety days have passed since the last furnishing of work; all required notices have been given and all conditions precedent or requirements of the Miller Act relating to the filing of this lawsuit have been fulfilled or have occurred.

12. As a result of the material, labor and equipment Ritenour furnished to the Project for which he has not been paid, and in accordance with the Miller Act bond and applicable Federal Acquisition Regulations, Defendant HPC and Defendant Merchants are jointly and severally liable to Ritenour in the amount of Ten Thousand Four Hundred Fifty Four Dollars and 50/00 ($10,454.50) for labor, materials and equipment provided by Ritenour to the Project, plus interest thereon at the contract rate, and if no contract rate, in the alternative, at the highest rate possible as allowed by

Federal Law, from the date the amounts became due, plus costs and attorney's fees.

## SECOND CLAIM FOR RELIEF
### Breach of Contract by Defendant HPC
### (Defendant HPC Only)

13. Ritenour readopts the preceding paragraphs 1-12 of this Complaint and further sets forth the following:

14. Defendant HPC entered into a subcontract with Ritenour pursuant to which Ritenour agreed to furnish to Defendant HPC certain labor, equipment and materials provided for in the principal contract, namely all or part of the caissons, cage and related work for the Project. A copy of said Subcontract is attached hereto as Exhibit "B" and is incorporated herein by referenced.

15. Ritenour, at the request of Defendant HPC, supplied labor, materials, and equipment to Defendant HPC, all of which were used in the prosecution of the work on the Project provided for in principal contract number VA246-14-C-0016 and incorporated into the Project. Defendant HPC contracted and agreed to pay Ritenour for said labor, materials and equipment, goods and supplies but an unpaid contract balance is due and owing to Ritenour of Ten Thousand Four Hundred Fifty Four Dollars and 50/00 ($10,454.50). Said failure to pay the remaining balance constitutes a material breach of the contract between the parties.

16. Defendant HPC is liable to Ritenour in the amount of Ten Thousand Four Hundred Fifty Four Dollars and 50/00 ($10,454.50), plus the costs of this action including reasonable attorney's fees and interest thereon at the contract rate, or, if no contract rate, the legal rate, and for such other and further damages as may be shown at the trial of this matter.

## PRAYERS FOR RELIEF

**WHEREFORE,** The United States of America for the use and benefit of Ritenour,

having set forth his claims for relief, prays the Court as follows:

1. Pursuant to the First Claim for Relief of the Complaint, Ritenour claims of Defendant HPC and Defendant Merchants, jointly and severally, the sum of Ten Thousand Four Hundred Fifty Four Dollars and 50/00 ($10,454.50), or such greater amount as may be proven at the trial of this matter, with interest thereon pre and post judgment. Ritenour further claims costs incurred from the presentment and prosecution of this action as allowed by Federal law; and

2. Pursuant to the Second Claim for Relief of the Complaint, Ritenour claims of Ten Thousand Four Hundred Fifty Four Dollars and 50/00 ($10,454.50), or such greater amount as may be proven at the trial of this matter, with interest thereon pre and post judgment. Ritenour further claims costs incurred from the presentment and prosecution of this action as allowed by North Carolina law;

3. Ritenour is entitled to recover reasonable attorney's fees incurred in bringing this action pursuant to the terms of the Subcontract; and

4. For such other and further relief as this Court deems just and proper.

Respectfully submitted this 15th day of September, 2015.

Attorney for Edward Ritenour

**MICHAEL W. STRICKLAND & ASSOCIATES, P.A.**

By: /s/ *Michael W. Strickland*
Michael W. Strickland, NCSB # 17101
Post Office Box 30787
Raleigh, North Carolina 27622
Telephone No.: (919) 571-3898
Facsimile No.: (919) 571-1038
mstrickland@stricklandlaw.com

# VERIFICATION

**Edward Ritenour**, being first duly sworn, deposes and says that he is the Plaintiff in the above entitled action, and is familiar with the facts from which this claim arises, that he has read the **Complaint** in full, and that to his personal knowledge, information and belief, the matters and things stated therein are true, except as to such matters as are stated upon information and belief, and as to them, he is informed and believes that they are true.

_____
EDWARD RITENOUR

Sworn to and subscribed before me this the
27th day of August, 2015

_____
NOTARY PUBLIC
My commission expires: 9/18/2017

LAUREN MCCLOY
NOTARY PUBLIC
Forsyth County
North Carolina
My Commission Expires Sep. 18, 2017